IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STACEY LITTLETON | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO: 3:19-0187 |
| | ) | |
| LYFT and YORK RISK, INS. | ) | |

**TO: Honorable William L. Campbell, Jr. District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 25, 2019 (Docket Entry No. 4), this *pro se* and *in forma pauperis* civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court are: (1) the motion to dismiss of Defendant Lyft, Inc. (Docket Entry No. 7); and, (2) Plaintiff's motion for permission to amend her complaint (Docket Entry No. 11). For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion to dismiss be granted and the motion for permission to amend be denied.

### I. BACKGROUND

In a *pro se* complaint filed February 28 2019, Stacey Littleton ("Plaintiff") alleges that she was driving in Davidson County, Tennessee, during the early morning hours of March 3, 2018, when her vehicle was struck from behind by another vehicle in a "hit and run motor vehicle accident." *See*

Complaint (Docket Entry No. 1) at 4. Although the complaint is sparse in terms of allegations about the accident, a Traffic Crash Report attached to the complaint indicates that the driver of the vehicle that struck Plaintiff's vehicle fled the scene in another vehicle that had stopped at the accident. *See* Docket Entry No. 1-1 at 9. Plaintiff was transported to a hospital for medical treatment, and both vehicles were towed from the accident scene, with the fleeing driver's vehicle being towed to the police department's impound lot. *Id*.

Plaintiff alleges that she was a "ride share driver for Lyft" at the time of the accident and that Lyft and York Risk Insurance ("York") are responsible for reimbursement of her losses since she was "on the [Lyft] platform" when the incident occurred. *Id*. She alleges that her vehicle was "totaled" at a loss of $15,000, that she lost wages of $30,000, and that she sustained medical and hospital bills totaling more than $180,000. *Id*. Seeking $850,000 in damages for her losses, Plaintiff brings her lawsuit in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332, asserting (1) that she is a resident of Tennessee and that Lyft and York have their principal place of business and/or place of incorporation outside Tennessee and (2) that her damages exceed $75,000. *Id*. at 3-4. Named as defendants are Lyft and York. Although Lyft, Inc., was served with process, the record does not indicate that York has been served with process and no appearance has been made on behalf of York.

On April 16, 2019, Defendant Lyft filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket Entry No. 7. Defendant Lyft argues that Plaintiff has not complied with Tennessee's statutory scheme, set out in Tenn. Code Ann. §§ 56-7-1201 *et seq*., for pursuing a claim against an insurance company based on damages caused by an unknown and uninsured driver. Specifically, Defendant Lyft argues that in order to proceed

against an insurance company for uninsured motorist coverage, Plaintiff is required to name a "John Doe" defendant in her lawsuit and to have a John Doe warrant issued against the at fault driver, neither of which has occurred. Defendant Lyft also raises a preemptive statute of limitations argument with respect to any attempt by Plaintiff to amend her complaint.

In response, Plaintiff contends that the motion to dismiss is untimely and that "Lyft and its insured are responsible for my losses since I was active on the platform" when the accident occurred. *See* Docket Entry No. 10. Plaintiff attaches to her response a printout of what appears to be a webpage from lyft.com which addresses contingent liability coverage provided by Lyft to drivers who are in "driver mode." *Id*. at 5. In addition to her response, Plaintiff seeks permission to amend her complaint in order to include the "John Doe" defendant. *See* motion for permission to amend complaint (Docket Entry No. 11). In its entirety, Plaintiff's motion reads as follows:

> Comes now the plaintiff to amend complaint, Pursuant TCA 56-1206 guidelines to pursue insurance companies involving uninsured motorists, plaintiff respectfully request the honorable court to grant time to prepare and file an amended complaint to include the defendant John Doe. I am trying to figure it out reading and research the cited laws.
>
> I didn't understand the others party's points regarding the statute of limitation as the accident occurred on March 3, 2018.

*Id*.

Defendant Lyft has filed both a reply to Plaintiff's response to the motion to dismiss and a response in opposition to the motion to amend. In its reply, Lyft: (1) notes that Plaintiff's allegations do not set out a situation in which a contingent liability policy would be implicated; (2) reiterates its argument that Plaintiff has not complied with the statutory requirements for an uninsured motorist claim; and, (3) argues that Plaintiff's insurance coverage claim against it is misplaced because it is

3

not an insurance carrier. *See* Docket Entry No. 12.[1] In response to Plaintiff's motion to amend, Defendant Lyft argues that Plaintiff's purported amendment would be futile because the one year statute of limitations has expired for her to pursue any negligence claims against a John Doe uninsured motorist defendant and, thus, she cannot amend the instant lawsuit in order to cure the deficiencies in her original pleading. *See* Docket Entry No. 13.

## II. ANALYSIS

A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting

---

[1] In both its motion and its reply, Defendant Lyft also makes arguments pertaining to the dismissal of Defendant York. However, the motion to dismiss is not filed on behalf of Defendant York.

all of the material elements to sustain a recovery under a viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

B. Defendant Lyft

The Court recognizes that Plaintiff is proceeding *pro se* in this lawsuit and that her pleadings and filings are therefore entitled to a certain measure of liberal construction because they have been filed without the benefit of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff's lawsuit suffers from significant deficiencies that (1) cannot be cured by liberally construing her allegations and (2) cannot be simply overlooked. Accordingly, Defendant Lyft's motion to dismiss must be granted.

As an initial matter and as a significant deficiency, Plaintiff fails to plead an actual legal claim against Defendant Lyft. Lyft is not alleged to have caused any harm to Plaintiff through negligence or intentional acts. Nor is Lyft alleged to have breached any type of agreement or contract with Plaintiff. Plaintiff fails to set out any specific factual allegations or legal basis that explains and supports her general statement that Lyft is responsible for her claimed damages because she "was active on the platform." Despite the leniency to be provided to review of *pro se* pleadings, the Court may not fill in missing allegations. *Lucas v. Chalk*, 2019 WL 3889720 at *2 (6th Cir. Aug. 19, 2019). In the end, the Court is left either to guess as to the legal basis for Plaintiff's claim or to create a legal claim on behalf of Plaintiff, neither of which are a proper role of the Court. *See*

*Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D.Tenn. March 22, 2012). This deficiency alone warrants dismissal of Defendant Lyft.

To the extent that Lyft is being sued because Plaintiff believes that Lyft has some type of responsibility as an insurer, Plaintiff fails to allege facts showing why she believes this to be the case. There are no allegations that Lyft is an insurance company. The screen shot of the webpage provided by Plaintiff as an attachment to her response to the motion to dismiss fails to support a claim because, as noted by Defendant Lyft, Plaintiff does not allege facts showing that a claim has been made against her for which she would be potentially liable and for which contingent liability protection might apply.

Finally, to the extent that Plaintiff's allegations can be liberally viewed as an attempt to assert an uninsured motorist claim under state law, she has not provided any factual basis upon which to name Defendant Lyft as a provider of uninsured motorist coverage. Even if the Court were to assume that Lyft could be deemed to be an uninsured motorist insurer, Plaintiff has not followed the statutory requirements for bringing a claim for damages caused by an accident for which an uninsured motorist insurance policy would apply. As noted by Defendant Lyft in its motion, for Plaintiff to proceed against an insurer for coverage under an uninsured motorist policy, she is required by Tenn. Code. Ann. § 56-7-1206(b)[2] to name in this lawsuit the driver who caused her

---

[2] Tenn.Code.Ann. § 56-7-1206(b) reads:
If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted, the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. If the uninsured motorist's identity and whereabouts are discovered during the pendency of the proceeding, subsection (e) shall govern the proper course of action following the discovery.

accident as a John Doe Defendant and to have a warrant issued to the John Doe Defendant. Plaintiff's failure to take these steps renders the lawsuit against Defendant Lyft subject to dismissal. *See Thompson v. TRW Automotives U.S. LLC*, 2016 WL 3632989 at *6 (M.D.Tenn. July 7, 2016) ("Plaintiffs' admitted failure to comply with § 56-7-1206(b), standing alone, is sufficient to justify dismissal of their claim against [the insurance company].") (Campbell, J.); *Gray v. Nationwide Mut. Ins. Co.*, 1989 WL 11739 at *2 (Tenn.Ct.App. Feb. 15, 1989) ("The trial court did not err in dismissing the complaint. Plaintiffs could not bring a direct action against the insurer and they failed to follow the statutory process which provides for the institution of an action under the uninsured motorist statute when the identity of the motorist is unknown.").

Although Plaintiff seeks to amend her complaint to now name the John Doe driver as a defendant, a motion to amend should be denied if the proposed amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Foman, supra*; *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). A claim against the John Doe driver must have been brought within one year after the accident occurred. Accordingly, Plaintiff' proposed amendment would be futile because it is too late for her to pursue a claim against the John Doe driver. *See Thompson*, 2016 WL 3632989 at *7; *Hudson v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5744774 at *3 (E.D.Tenn. Oct. 23, 2013) ("Plaintiffs' amendment adding the John Doe defendant was made after the statute of limitations had run; therefore, the John Doe/uninsured motorist claim is barred and no action can be maintained against the uninsured

7

motorist carrier, State Farm."); *Lane v. Montgomery*, 2007 WL 1860903 at \*5 (Tenn.Ct.App. June 28, 2007) ("The question is whether the plaintiff's cause of action against "John Doe" is time-barred. It clearly is. Consequently, the plaintiff has no cause of action against her UM carrier.").

C. Defendant York

This action was filed on February 28, 2019, and a summons for Defendant York was issued on March 25, 2019, at an address provided by Plaintiff. *See* Docket Entry No. 5. To date, there is no indication that process has been served upon Defendant York.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Unless Plaintiff, in her objections to this Report and Recommendation, shows good cause for why service has not been timely made upon Defendant York, Defendant York must be dismissed under Rule 4(m).

**RECOMMENDATION**

For the foregoing reasons, the Court respectfully RECOMMENDS that:

1) the motion to dismiss of Defendant Lyft, Inc. (Docket Entry No. 7) be GRANTED and Defendant Lyft, Inc., be DISMISSED WITH PREJUDICE from this action under Rule 21 of the Federal Rules of Civil Procedure;

2) the motion for permission to amend her complaint (Docket Entry No. 11) filed by Plaintiff be DENIED;

3) Defendant York Risk Insurance be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure; and,

4) this lawsuit be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

9